No. 873
JONES v. MAUMEE (Village)
No. 19295. Supreme Court
On motion to certify. Dock. July 29, 1925; 3 Abs. 482.

211. CAUSE OF ACTION—Does a petition by property owner in an independent action, which questions the good faith of the village council passing a resolution to appropriate his real estate for street purposes, and denies the necessity of appropriation for such purposes, state facts sufficient to constitute a cause of action?

Paul Jones filed a petition in the Lucas Common Pleas seeking to obtain an injunction enjoining the Village of Maumee from appropriating for street purposes, certain land owned by him. The village answered admitting ownership of the real estate by Jones, and admitting the pendency of appropriation proceedings, denying everything else.

In the Common Pleas, the village objected to the introduction of any evidence claiming that Jones' amended petition did not state a cause of action. That court sustained the objection and dismissed the petition. Jones appealed from the decree but the Court of Appeals ordered a decree in favor of the Village, holding that in absence of bad faith or abuse of discretion on part of the village council, the courts are powerless to interfere.

Jones took the case to the Supreme Court and he claims that there is no necessity for the appropriation of his property for street purposes and that a certain Wall street lying near his property would have to be improved before the alleged improvements for street purposes could be commenced; and that in order to accomplish this end, an expenditure in excess of $50,000 would be entailed, which amount is far above the amount which the village may expend for the improvement of said street.

It is further claimed that the village is proceeding with the appropriation of the real estate and that he (Jones) is without adequate remedy at law.

The good faith of the village council is questioned in the passing of the resolution to appropriate this property for street purposes because the cost of the improvement would be prohibitive, and without which improvement the property is practically valueless for street purposes. It is further claimed that Wall street has not been used as a street since 1837 and is a creek or ravine and cannot be used for street purposes; yet the village council, with an accurate knowledge that the cost would be prohibitive, is endeavoring to appropriate the land owned by Jones. Unless a court of general jurisdiction has the power to inquire as to the good faith of the council as to the appropriation of this property, then Jones is without rights to protect his interest in this matter.

In Sargent v. Cincinnati, 110 OS. 444 at page 452, the court said: "It seems more reasonable to construe that section (3680 GC.) as granting the right to the property owner to appear and protest against appropriation. In the case at bar, however, it appears that the

(Continued on page 647)

# "U. S." REPORTS IN 5 FEET

## *Epoch-Making Feat Helps You To Own Only Set Better Than "Ohio State"*

## Save $400 on the Best Law

Cost reduced nearly 2/3 the old price. Total now for 268 volumes only $265.32. Thin paper and modern methods, reduce shelving 35 feet. One Vol. Digest $37.50

### Ten Reasons Why U. S. Pays Big Dividends

1. No better authority can be cited in Common Pleas or anywhere else.
2. Federal Court business doubles in 10 years to 165,000 pending cases.
3. United States Supreme Court opinions are "priceless pearls in the mind."
4. Employer's Liability.
5. Prohibition.
6. Due Process.
7. Income Tax.
8. Bankruptcy.
9. Making a Federal question out of a losing case in Ohio Courts.
10. Confidence that knowledge of Marshall, Jay, Storey, Chase, Taney, Holmes and Taft, inspire.

Write me for particulars of Easy Terms on which you may own this leading lawyer's treasure.

## W. HOWARD HAYNES

### LAW BOOKS

Phone Main 2479   -   710 Williamson Bldg.   -   Cleveland, Ohio

"I Help You Win"

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday        50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance........$15.00
Single Numbers ................................ .35

When cash is mailed to us ·in advance
20 per cent discount

### THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date. to which their subscription ·is paid. thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

### (Continued from page 645)

protest which was actually filed by the property owner was ignored. This only indicated how inadequate such a remedy would be; but it may also be observed that, even if the city should grant a hearing upon such a protest, it would be wholly inadequate as a legal remedy because the council of the city, which had already determined that the property was necessary to the intended use, would be in the position of deciding the case. Even if it be assumed that the property owner has a legal right to protest and to have a hearing, it is certain that no review is provided for an adverse judgment, and it should require no elaborate argument to show that such a legal remedy would be wholly inadequate and incomplete."

Attorneys—Kirkbride, McCabe & Boesel for Jones; Paul W. Alexander for Village; all of Toledo.